**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SCOTT R. DUCEY, Inmate #K64368,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **ROGER E. WALKER, JOHN EVANS,** | ) |
| **JULIUS FLAGG, DAVID TRACY,** | ) **CIVIL NO. 05-102-MJR** |
| **CHRISTINE BROWN, KATHY** | ) |
| **BOCHANTIN, DR. FARANZA SIDDIQUI,** | ) |
| **DR. ADRIEN FEINERMAN, WEXFORD** | ) |
| **HEALTH CARE SERVICES INC., and** | ) |
| **JANET SAURHAGE,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, a former inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

      **COUNT 1:**    Against Defendant Flagg for violating Plaintiff's First and Fifth Amendment rights by denying his requests to take a correspondence course.

  **COUNT 2:** Against Defendants Brown and Siddiqui for deliberate indifference to Plaintiff's serious mental health needs.

  **COUNT 3:** Against unspecified defendants for unconstitutional retaliation.

  **COUNT 4:** Against Defendant Saurhage for improper use of excessive force and for the state tort of assault.

  **COUNT 5:** Against Defendant Feinerman for deliberate indifference to Plaintiff's serious medical needs.

  **COUNT 6:** Against Defendant Feinerman for deliberate indifference to Plaintiff's serious medical needs.

This case is now before the Court for a preliminary review of the ***amended complaint*** (Doc. 9) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the ***amended complaint*** (Doc. 9) and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

### COUNT 1

In August 2004, Plaintiff enrolled in a paralegal correspondence course through Blackstone Career Institute. On October 7, 2004, Plaintiff received a "notice of unauthorized items" form from

the Pinckneyville Correctional Center mailroom that stated, "correspondence course is not allowed per Warden Flagg." A second shipment of course materials was withheld from him on November 17, 2004. Plaintiff states that at the time he filed his complaint, 75 other Illinois Department of Corrections ("IDOC") inmates were enrolled in the Blackstone paralegal course. Plaintiff also states that he was enrolled in a bible study correspondence course at the same time, and he was allowed to participate in it and other inmates were allowed to participate in other correspondence courses at roughly the same time. Plaintiff filed grievances about the matter, but the grievances were either denied or ignored. Plaintiff states that withholding the course material violates his rights under the First and Fifth Amendments and IDOC departmental rules.

It is well settled that there is no property or liberty interest in attending educational, vocational, or rehabilitative courses while in prison. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). Consequently, Plaintiff has no valid substantive due process claim.

As to Plaintiff's claim that withholding the materials violated his rights under the First Amendment, "the arbitrary denial of access to published materials violates an inmate's first amendment rights." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996), *quoting Martin v. Tyson*, 845 F.2d 1451, 1454 (7th Cir.) (per curiam), *cert. denied*, 488 U.S. 863 (1988). As such, Plaintiff First Amendment claim against Defendant Flagg cannot be dismissed at this point in the litigation.

## COUNT 2

Plaintiff suffers from schizoaffective disorder and chronic and severe social anxiety disorder, for which he has been treated since 1997. When he came into IDOC custody in 2003, he saw Dr.

Richard Ibe at Stateville Correctional Center, who confirmed those diagnoses and recommended that Plaintiff be placed at a facility where he would be treated for his disorders. When he arrived at Pinckneyville in November 2003, Defendant Siddiqui saw him and discontinued all of his medications and prescribed only Trazodone. Plaintiff submitted grievances to the health Care Unit Administrator, Defendant Brown, and Defendants Evans, Flagg, Tracy, Walker, and Bochantin, requesting that his prior medications be represcribed. Plaintiff claims that Trazodone is not effective in treating his disorders. As a result, his social anxiety disorder progressively worsened, and he often felt suicidal. He avoided social contact, including not eating in the dining hall and requiring that he purchase foods from the commissary, causing him and his family financial hardship. Plaintiff states that Defendant Brown refused to provide any type of psychotherapy. Defendant Siddiqui told Plaintiff his medications were discontinued because they were too expensive or "unavailable." After fifteen months, in March 2005, Plaintiff was transferred to Shawnee Correctional Center, where he receives proper mental health treatment for his disorders.

The Court believes that Plaintiff is stating a claim that Defendants Brown and Siddiqui acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

A prisoner raising an Eighth Amendment claim against a prison official therefore

> must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*,

82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). *See also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's decisions to remove patient from medication and to restore the medication without Lithium constitutes deliberate indifference to patient's psychiatric condition).

Based on these standards, Plaintiff's claims of deliberate indifference to his mental health cannot be dismissed at the point in the litigation. A word about Defendants is in order, however. Plaintiff states that Defendants Evans, Flagg, Tracy, Walker, and Bochantin denied Plaintiff's grievances requesting mental health treatment. However, he does not show how any of these defendants were responsible for actually denying him medical treatment. To the extent that Plaintiff is arguing that these Defendants should have resolved the situation through the grievance procedure, this claim fails. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff may proceed on Count

2 against Defendants Brown and Siddiqui. Defendants Flagg, Tracy, Walker, and Bochantin are **DISMISSED** as defendants from this Count.

## COUNT 3

Plaintiff alleges that he was fired from his maintenance job in the prison for filing grievances. Plaintiff states that he was advised by his supervisor to "lay off" writing grievances because the administration was looking for a reason to fire him. Plaintiff wrote a grievance regarding his fear of retaliation. On February 3, 2005, Plaintiff was fired from his maintenance job in retaliation for filing grievances.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Based on these standards, Plaintiff has stated a retaliation claim on these facts.

However, a problem arises in that Plaintiff has not specified by name the individuals who retaliated against him. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading

requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, Plaintiff will not be allowed to proceed on Count 3 of the complaint until he has specified by name the defendants who retaliated against him on a USM-285 form and in an amended complaint filed in compliance with the Federal Rules of Civil Procedure and the Court's local rules.

### COUNT 4

On June 16, 2004, Plaintiff, a diabetic, went to the Health Care Unit at Pinckneyville for a weekly blood-glucose test. When he arrived, he informed Defendant Saurhage that he wanted a refusal form to refuse the blood test. Defendant Saurhage stated, "oh, you don't want to do that," while grabbing Plaintiff's hand and sticking his finger for the blood test.

The only constitutional claim that might be implicated by these facts is the Eighth Amendment right to be free from unconstitutional excessive force. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment

necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). The Court finds that this de minimis use of force does not state a claim based on these legal standards.

Plaintiff argues that Defendant Saurhage's action constituted the tort of assault. Violations of state law are not cognizable under section 1983. *See Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) ("The federal government is not the enforcer of state law"). To the extent the Plaintiff is asking the Court to exercise its supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367, the Court declines to do so. Accordingly, Count 4 is **DISMISSED** from the action with prejudice.

## COUNT 5

Plaintiff states that on June 15, 2004, Plaintiff sustained a chemical burn to his right elbow on his job at Pinckneyville. Even though he sought treatment in the Health Care Unit, Defendant Feinerman refused to treat the burn and did not clean it or provide a bandage. Another inmate suffered a similar but less severe burn and he received medical treatment. Due to Defendant Feinerman's failure to treat the burn, the wound became infected causing severe pain and scarring. Plaintiff states that due to the prevalence of the staphylococcal infections in prisons, Defendant Feinerman's refusal to treat his wound constituted deliberate indifference to his serious medical needs.

Based on the standards articulated in Count 2, above, and Plaintiff's factual allegations here, Count 5 against Defendant Feinerman cannot be dismissed at this point in the litigation.

## COUNT 6

Plaintiff suffers from a herniated disc between L5-S1, with disc degeneration at L4-5 and L5-

S1. Prior to coming into IDOC custody, Plaintiff had been scheduled for neurosurgery to correct the problem. After his incarceration, beginning in 2003, Plaintiff continued to experience back pain. He saw Defendant Feinerman for the pain and requested tests and pain medication. For the fifteen months Plaintiff was housed at Pinckneyville, Defendant Feinerman refused to treat him or prescribe pain medication, and Plaintiff was forced to endure the pain "without even so much as an aspirin." Plaintiff argues that Defendant Feinerman's refusal to treat his back pain constituted deliberate indifference to his serious medical needs.

Based on the standards articulated in Count 2, above, and Plaintiff's factual allegations here, Count 6 against Defendant Feinerman cannot be dismissed at this point in the litigation.

## DISPOSITION

Plaintiff may proceed on Count 1 of the complaint against Defendant Flagg, on Count 2 against Defendants Brown and Siddiqui, on Count 3 against yet-to-be-specified defendants, and on Counts 5 and 6 against Defendant Feinerman. Count 4 is **DISMISSED** from the action. Because Plaintiff has not made any specific allegations against Defendants Evans and Wexford Health Services, they are **DISMISSED** as defendants from the action. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption"). All claims against Defendants Tracy, Walker, Bochantin, and Saurhage have been dismissed from the action. Accordingly, these individuals are also **DISMISSED** as defendants from the action.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for *Defendants Brown, Siddiqui, Feinerman, and the unspecified defendants* within **THIRTY (30)**

**DAYS** of the date of entry of this Memorandum and Order.[1] The Clerk is **DIRECTED** to send Plaintiff **5** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Flagg, Brown, Siddiqui, and Feinerman.* The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the *amended complaint* to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Flagg, Brown, Siddiqui, and Feinerman* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the *amended complaint*, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. *Service shall not be made on the unspecified defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is ADVISED that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.*

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that

---

[1] According to the Court's docket, Plaintiff has already submitted a USM-285 form for Defendant Flagg.

the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 18th day of September, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**