IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT DUCEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:08-cv-691 MJR |
| | ) |
| JULIUS FLAGG, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff Scott Ducey's motion to stay the case and motion to appoint counsel (Doc. 80). For the reasons discussed below, Plaintiff's motion is **DENIED without prejudice**.

Plaintiff, an inmate at the Menard Correctional Center, filed this lawsuit on February 16, 2005, against a number of Illinois Department of Corrections officials for violations of his constitutional rights in violation of 42 U.S.C. § 1983 (Doc. 1). On September 30, 2008, the Court severed Plaintiff's claims into four separate lawsuits because Plaintiff may not try unrelated claims in a single action (Doc. 77). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a). As a result of that order, the only claim remaining in this case is against Defendant Flagg for violation of Plaintiff's First Amendment rights (Doc. 77). Plaintiff now seeks a stay of this action until he is either transferred out of Menard Correctional Center or released from the Illinois Department of Corrections on December 24, 2010 (Doc. 80).

District courts have the power to stay proceedings in the interest of judicial economy. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (power to stay pending action "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort fort itself, counsel, and for litigants.") In fact, "courts have broad

discretion to control their dockets [by] using techniques such as stays of proceedings - provided a stay is not indefinite or otherwise excessive." *Global Patent Holdings LLC v. Green Bay Packers*, 2008 WL 1848142, *5 (N.D. Ill. Apr. 23, 2008) (*citing Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983).

Plaintiff contends a stay is necessary because on December 19, 2008, prison officials shook down his cell and confiscated all of his legal materials and pleadings related to this case; he has been the subject of retaliation since; he is in segregation where it is "impossible" for him to prepare his case; and the prison limits his visits to the commissary to one visit per month. He further maintains that the conditions of confinement at Menard are deteriorating and that the disciplinary proceedings there amount to a "sham" (Doc. 80).

The Court finds that a stay at this point in the proceeding would not promote judicial economy. Discovery has been completed, and Defendant Flagg has filed a motion for summary judgment (Doc. 65), to which Plaintiff has responded. The Court further finds that despite the conditions Plaintiff faces at Menard, Plaintiff has consistently filed timely pleadings with this Court. Finally, an order that stays this case until Plaintiff is transferred out of Menard, or until December of 2010, would cause this case to be delayed indefinitely, or, at a minimum, for close to two years. Therefore, the Court **DENIES** Plaintiff's motion to stay.

Alternatively, Plaintiff asks the Court to appoint counsel to represent him. Although civil litigants do not have a constitutional or statutory right to counsel, the Court does have the discretion to appoint counsel to represent individuals who cannot afford to secure counsel for themselves. *See Stroe v. Immigration and Naturalization Serv.*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995); 28 U.S.C. §1915(e)(1). District courts ask two questions when

deciding whether to appoint counsel "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). If the litigant failed to make a reasonable attempt to secure counsel on his own, the Court can deny the motion outright and need not address the second part of the inquiry. *Gil v. Reed*, 381 F.3d 649, 657 (7th Cir. 2004).

Plaintiff, who has moved for appointment of counsel five times (Docs. 3, 12, 19, 54, and 59), has diligently attempted to secure counsel. The Court finds, however, that Plaintiff has shown he is competent to litigate this case himself. This case involves one claim against one defendant. Plaintiff has amended his complaint, filed numerous motions and responses to Defendant's motions, and supported his arguments with documentary evidence including records, declarations, and affidavits (Doc. 81). The Court finds that Plaintiff is more than competent to continue litigating the action himself. Therefore, Plaintiff's motion to appoint counsel is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: April 23, 2009**

                s/ *Donald G. Wilkerson*
                **DONALD G. WILKERSON**
                **United States Magistrate Judge**