IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT DUCEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:08-cv-691 MJR |
| JULIUS FLAGG, | ) |
| Defendant. | ) |

**ORDER**

Plaintiff, a prisoner acting pro se, filed a lawsuit in this district on February 16, 2005, alleging violations of his constitutional rights against various Illinois Department of Corrections officials.[1] On September 30, 2008, the District Court severed Plaintiff's claims into four separate lawsuits (Doc. 77). This action is one of those separate lawsuits. It contains one claim against one defendant–Julius Flagg–for violation of Plaintiff's rights under the First Amendment. Currently pending before the Court is Defendant Flagg's Motion for Summary Judgment (Doc. 65). In that motion, Defendant Flagg raises the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. §1997e(a).

The Seventh Circuit recently held that discovery on the merits of an action should not begin until the question whether a plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). In an attempt to comply with *Pavey* as closely as possible, the Court will follow the procedure outlined below.

1.  The parties are granted 60 days in which to conduct discovery related exclusively to

---

[1] *Ducey v. Walker*, Case No. 05-cv-102-MJR (S.D. Ill. 2005).

the issue of exhaustion of administrative remedies.

2. The undersigned magistrate judge will hold a hearing on the question whether Plaintiff has exhausted his administrative remedies on **July 8, 2009, at 2:00 p.m.** in the East St. Louis Federal Courthouse. Plaintiff shall participate by videoconference. Defendants shall appear in person. Plaintiff is granted until **June 29, 2009** to respond to the issue of exhaustion of administrative remedies as raised in the motion for summary judgment. In lieu of witness testimony, the parties may submit briefs, affidavits, and exhibits relevant to the question of exhaustion. Any additional briefs, affidavits, and exhibits relevant to the question of exhaustion are also due **June 29, 2009.**

3. The undersigned will make a written Report and Recommendation to the presiding United States District Judge recommending a factual determination on the exhaustion issue based on the evidence presented at the hearing.

**IT IS SO ORDERED.**

**DATED: April 23, 2009**

                                                           <u>s/ *Donald G. Wilkerson*</u>
                                                           **DONALD G. WILKERSON**
                                                           **United States Magistrate Judge**